**RECORD NO. 09-4190**

In The
# United States Court Of Appeals
For The Fourth Circuit

# UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

# JASON WARD NORMAN,

*Defendant – Appellant.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT STATESVILLE

_____

**REPLY BRIEF OF APPELLANT**
_____

**Claire J. Rauscher**
**Executive Director**
**FEDERAL DEFENDERS OF**
 **WESTERN NORTH CAROLINA, INC.**

**Ann L. Hester**
**227 West 4th Street**
**Suite 300**
**Charlotte, North Carolina 28202**
**(704) 374-0720**

*Counsel for Appellant*

# TABLE OF CONTENTS

Page:

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.     The reasons given by the district court for its sentence could apply equally to *any* sentence and are inadequate under *Carter*. . . . . 2

    II.    Norman preserved his claim that the district court failed to adequately explain its sentence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    III.   This Court's precedent does not support application of plain error review to claims that a district court failed to adequately explain its sentence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    IV.   Even if plain error review applies, this Court should presume prejudice and exercise its discretion to notice the error. . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# **TABLE OF AUTHORITIES**

**Page:**

**Cases:**

*Gall v. United States,*
    522 U.S. 38, 128 S. Ct. 586 (2007) .............................. 5, 12

*Rita v. United States*,
    551 U.S. 338, 127 S. Ct. 2456 (2007) ............................ 6, 7

*United States v. Carter*,
    564 F.3d 325 (4th Cir. 2009) ............................... *passim*

*United States v. Carter,*
    No. 7:07-CR-111 (E.D.N.C. May 1, 2008) ......................... 11

*United States v. Castro-Juarez*,
    425 F.3d 430 (7th Cir. 2005) ................................... 10

*United States v. Dale*,
    498 F.3d 604 (7th Cir. 2007) ................................... 10

*United States v. Dury*,
    No. 08-4897, 2009 WL 1991203 (4th Cir. July 10, 2009) ............. 11

*United States v. Grier*,
    475 F.3d 556, 571 n.11 (3d Cir.) (*en banc*),
    *cert. denied*, 475 F.3d 556 (2007) ................................ 7

*United States v. Olano*,
    507 U.S. 725 (1993) ......................................... 2, 12

*United States v. White*,
    405 F.3d 208 (4th Cir. 2005) ................................... 12

**Statutes:**

18 U.S.C. § 3553(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

18 U.S.C. § 3553(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Rule:**

Fed. R. Crim. P. 52(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## **INTRODUCTION**

The reasons given by the sentencing court for Jason Norman's 168-month sentence could have applied to a sentence below the guidelines, within the guidelines, or above the guidelines. The court's reasons also fail to address Norman's sentencing arguments. The court's explanation was therefore inadequate under *United States v. Carter*, 564 F.3d 325, 329 (4th Cir. 2009). This Court should vacate Norman's sentence and remand to the district court for a resentencing in which the court adequately explains its sentence, including its reasons for rejecting Norman's sentencing arguments.

Norman's appeal presents a single issue: whether the district court's explanation of its sentence demonstrated its consideration of the 3553(a) sentencing factors and Norman's sentencing arguments in light of those factors. The Government divides Norman's single claim into two separate claims, contending that while Norman preserved his claims that the district court failed to consider the sentencing factors and his arguments, he failed to preserve his claim that the district court's explanation was inadequate. But the claim is not divisible, and Norman preserved his claim of error by presenting abundant evidence and sentencing arguments to the court in support of his request for a lenient sentence.

Furthermore, this Court never has applied, and should not apply, plain error review to claims that a district court's explanation of its sentence is inadequate. And even if the Court did apply plain error review, prejudice should be presumed under *United States v. Olano*, 507 U.S. 725 (1993), because the court's failure to give reasons for its sentence prevents the appellate court from evaluating what factors and considerations motivated the judge to give the sentence and makes it virtually impossible for a defendant to demonstrate that his sentence would have been different absent the error.

## **ARGUMENT**

I.   **The reasons given by the district court for its sentence could apply equally to *any* sentence and are inadequate under *Carter*.**

In *United States v. Carter*, the district court's reasons for its sentence were inadequate, even though it stated:

- that the defense made "an appealing argument" that the Guidelines range "overpunishes his particular conduct";

- that the court was considering the four purposes set out in § 3553(a)(2);

- that it was "deliberating on" and "integrating" the sentencing factors, summarizing those factors; and

- that it was taking into account the Sentencing Commission's policy statements.

2

564 F.3d at 329. The district court's explanation was insufficient because it did not "articulate *how* the sentencing factors applied to the facts of the particular case before it." *Id.* (emphasis added). And this Court remarked that "[i]ndeed—save for the lone, unexplained statement that a within-Guidelines sentence would 'overpunish' Carter—the district court could have made precisely the same statements in support of an *above*-Guidelines sentence." *Id.*

The government points to several statements made by the court in sentencing Norman and argues that these statements sufficiently explain its sentence and demonstrate its consideration of Norman's arguments:

- The court stated that it had considered 18 U.S.C. § 3553(a) and had not identified factors that mitigated the guideline range. G. Br. at 7-8.

- The court stated that crack made Norman helpless, and despite his addiction, Norman continued to sell crack. *Id.* at 8, 13.

- The court directed the Bureau of Prisons to consider Norman's heart condition and partial blindness. *Id.* at 8, 15.

- The court recommended that Norman have access to the BOP's educational and vocational opportunities. *Id.* at 8, 15.

- The district court adopted the Presentence Investigation Report. *Id.* at 8.

- The district court noted Norman's inability to pay a fine because of his need to support his children. *Id.* at 15.

But all of these statements suffer from the same flaws present in *Carter*: the reasons fail "to articulate how the sentencing factors applied to the facts of the

3

particular case before it," and the same statements could have been made in support of any sentence, whether it fell above, below, or within the Guidelines. *Carter*, 564 F.3d at 329.

The Government attempts to connect the sentencing evidence to various sentencing factors that the court did not specifically mention, but *Carter* specifically rejected any attempt by a party to guess about what persuaded a court to choose a particular sentence when the district court "did not adopt any of these reasons as the rationale for the sentence." *Carter*, 564 F.3d at 329; *see* G. Br. at 8. Nor may an appellate court "guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *Id.* at 329-30.

While the court's statement that it had not "identified factors in 3553(a) that would mitigate the guideline range" arguably suggests a within-Guidelines sentence, the Court found a similar statement in *Carter*—that a Guidelines sentence would "overpunish" Carter—inadequate to explain the sentence. *Id.* The court's only other statement explaining Norman's 168-month sentence is its statement that "[t]his case illustrates the demons of drugs as well as any in that defendant found himself helpless and nevertheless continued to participate in activities which spread drugs about to others who would therefore be in similar

4

circumstances to him." (JA 101). The meaning of this statement is ambiguous. It could mean that the court was condemning Norman's actions in selling drugs to others when he suffered an addiction himself. But it can equally be interpreted as a statement about the evil of drugs in general, using Norman as an example of how drugs make addicts helpless to resist the temptation of selling drugs to other addicts in order to support their own habits. Because the court made no other statements explaining its reasoning, this statement could support any sentence and does not pass muster under *Carter*.

*Carter* required the district court to "place on the record an 'individualized assessment' based on the particular facts of the case before it." *Id.* at 330 (quoting *Gall*, 128 S. Ct. at 596-97). *Carter* also required the judge to explain why he rejected Norman's reasons for imposing a lenient sentence. *Id.* at 328. The court's explanation of Norman's sentence failed to satisfy *Carter*'s requirements in either respect, and this Court should vacate the sentence and remand to the district court for a re-sentencing.

## II. Norman preserved his claim that the district court failed to adequately explain its sentence.

The Government concedes that Norman preserved claims that the district court failed to consider the sentencing factors and Norman's sentencing arguments. G. Br. at 7 n.3. Yet in an attempt to invoke the plain error review and

5

prevent this Court's full consideration of Norman's claim, the Government divides Norman's claim into two separate claims–one claim that the court failed to *consider* Norman's sentencing arguments and the sentencing factors invoked by counsel, and another, separate claim that the court failed to *address* Norman's arguments and the sentencing factors in rendering its sentencing decision. G. Br. at 5-20.

There is no way to evaluate what the court *considered* except by assessing what the court *addressed* on the record at sentencing. This is reflected in the Government's brief, in which it twice makes the same arguments about what the court said when it sentenced Norman. See G. Br. at 7-9, 13-15. Both this Court and the Supreme Court have explained that a the sentencing court is required to state in open court sufficient reasons for a particular sentence so that it can "'satisfy the appellate court that [it] has *considered* the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" *Carter*, 564 F.3d at 328 (quoting *Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456, 2468 (2007) (emphasis added)). It is impossible to review what a court considered without simultaneously reviewing the reasons given by the court for its sentence. Attempting to make two separate claims out of Norman's single issue makes no

6

sense and unnecessarily complicates a straightforward issue of whether the court's reasons given on the record at sentencing were adequate.

A defendant preserves his objection to the procedural and substantive reasonableness of the sentence if "during sentencing proceedings, the defendant properly raised a meritorious factual or legal issue relating to one or more" of the section 3553(a) sentencing factors. *United States v. Grier*, 475 F.3d 556, 571 n.11 (3d Cir.) (*en banc*), *cert. denied*, 475 F.3d 556 (2007). Norman preserved his claim by presenting evidence and argument supporting a below-guideline sentence. A party preserves a claim of error when it "inform[s] the court—when the court ruling or order is made or sought—of the action the party wishes to take." Fed. R. Crim. P. 52(b). When a defendant presents the court with evidence and argument supporting a lenient sentence, it is implicit in the presentation that the defendant wishes the court to make a ruling that addresses those arguments. The defendant should not have to say, in addition to presenting evidence and arguments, that he requests a court ruling. This Court recognized this in *Carter* when it explained that, when a party presents "'non-frivolous reasons for imposing'" a non-guideline sentence, "a district judge should address the party's arguments and 'explain why he has rejected those arguments.'" 564 F.3d at 328 (quoting *Rita*, 127 S. Ct. at 2468).

7

At sentencing, Norman testified on his own behalf, submitted certificates of programs he had completed in jail, and offered letters and in-court statements of family members in support of his argument that the court should exercise its substantial discretion and give him a lenient sentence. Norman's sentencing submissions informed the court that:

- He was involved in drug transactions to support his crack addiction and not to make money. (JA88).

- His role in the offense was limited to bringing buyers to dealers, or purchasing drugs on behalf of buyers, in order to get a portion of the purchased drugs for his own use. (JA 63, 66, 86-87).

- He was the last person arrested and was at the end of the distribution chain. (JA 88).

- Because of his addiction, he was living in a trailer without food or power for periods of time. (JA 104).

- He was blinded in a sawmill accident in 2001 and had a heart attack and heart surgery in 2005. (JA 58, 75-76).

- He is the single father of two daughters and made sure they were cared for despite his addiction. (JA 94-95).

- He is a hard worker and helped others. (JA 109, 106-112, 115).

- He is a generous and loving person. (JA 104, 115).

After presenting this evidence, counsel reminded the court that it now has a great deal of discretion in determining an appropriate sentence and summed up her

8

presentation by asking the court to sentence Norman leniently, taking into account "all the factors in this case," including Norman's:

- level of culpability;
- actions in this case;
- drug abuse;
- health; and
- family support.

(JA 98-99).

Norman's presentation and argument were detailed, were relevant to the sentencing factors listed in 18 U.S.C. § 3553(a), and were sufficient to preserve the issue and to put the court on notice that it must explain its reasons for rejecting them.

**III. This Court's precedent does not support application of plain error review to claims that a district court failed to adequately explain its sentence.**

After attempting to split Norman's single issue into two separate issues, the Government contends that this court should review Norman's claims that the district court failed to adequately explain its sentence for plain error. G. Br. at 7, 10. But even if a court's "consideration" could somehow be evaluated without simultaneously evaluating the court's statements on the record, this Court has

9

never required defendants to object to the district court's explanation of a sentence in order to preserve that issue for appeal. Furthermore, this Court's opinions on this issue assume the absence of any need to object.

In *United States v. Castro-Juarez*, the Seventh Circuit rejected the government's argument that the court should apply plain error review to a defendant's claim that his sentence was unreasonable. 425 F.3d 430, 433-434 (7th Cir. 2005). In reaching this conclusion, the court first noted that its prior decisions evaluating the reasonableness of sentences post-*Booker* "assume[d] the absence of any need to object to a sentence as unreasonable after its pronouncement." *Id.* at 433. The court then reasoned: "[t]o insist that defendants object at sentencing to preserve appellate review for reasonableness would create a trap for unwary defendants and saddle busy district courts with the burden of sitting through an objection—probably formulaic—in every criminal case." *Id.* at 433-34. Although *Castro-Juarez* addressed the substantive reasonableness of the sentence, the Seventh Circuit applies *Castro-Juarez* to claims of procedural unreasonableness as well. *United States v. Dale*, 498 F.3d 604, 610 n. 5 (7th Cir. 2007).

In recent months, this Court has considered the sufficiency of a court's sentencing explanation at least twice, assuming the absence of a need to object in both instances. In *Carter*, where the government appealed the sentence, the

10

government did not object to the sentencing court's explanation, and this Court assumed that the government was not required to object. 564 F.3d at 328; Transcript of Sentencing Hearing at 21, *United States v. Carter*, No. 7:07-CR-111 (E.D.N.C. May 1, 2008). In *United States v. Dury*, an *Anders* case, the defendant did not object to the sentencing court's explanation and did not even raise the issue of the district court's explanation on appeal. *Dury*, No. 08-4897, 2009 WL 1991203 (4th Cir. July 10, 2009); Transcript of Sentencing Hearing at 17-22, *United States v. Dury*, No. 1:08-CR-16 (W.D.N.C. Sept. 4, 2008). This Court again assumed that no objection was required, vacating the sentence because "the district court's explanation of its exercise of discretionary sentencing authority does not pass muster under *United States v. Carter*, 564 F.3d 325 (4th Cir. 2009)." 2009 WL 1991203 at *1.

This Court should fully review the district court's reasons for its sentence, even where the defendant did not specifically object to those reasons at sentencing.

**IV.    Even if plain error review applies, this Court should presume prejudice and exercise its discretion to notice the error.**

The Government argues that, under the plain error analysis, Norman bears the burden of demonstrating "a reasonable probability" that the outcome of the proceeding would have been different if the district court had not erred in failing

11

to give reasons for its sentence. G. Br. at 17. However, even if the Court applies plain-error review to the court's failure to give reasons for its sentence, it should presume that the error is prejudicial, because this type of error creates a tremendous risk that the defendant has been prejudiced but, because of the error itself, will be unable to demonstrate that prejudice.

In *United States v. Olano*, the Supreme Court suggested that some errors "should be presumed prejudicial if the defendant cannot make a specific showing of prejudice." 507 U.S. at 735. In *United States v. White*, this Court remarked that a "proper focus of the presumed prejudice inquiry is not on the gravity of the right at stake, but rather on the risk that the defendant has been prejudiced but will be unable to demonstrate the existence of that prejudice." 405 F.3d 208, 219 (4th Cir. 2005) (citing *Olano*, 507 U.S. at 741). Failing to give adequate reasons for a sentence does create a high risk that the defendant has been prejudiced but will be unable to demonstrate the existence of that prejudice. As the Court explained in *Carter*, absent an on-the-record, "'individualized assessment' based on the particular facts before" the sentencing court, an appellate court cannot review the district court's decision in any meaningful way. 564 F.3d at 330 (quoting *Gall v. United States*, 522 U.S. 38, 128 S. Ct. 586, 597-98 (2007)).

Thus, when the district court's explanation is inadequate, it is virtually impossible for any reviewing court to determine whether the court heard and considered all, part or none of the defendant's sentencing arguments and evidence. And likewise, it is impossible to determine whether the sentence would have been different if the district court had considered an argument it may have overlooked. This is exactly the type of error for which the Court should presume prejudice if it applies plain error review.

## **CONCLUSION**

The district court's explanation of Norman's sentence is inadequate under *Carter*, and Norman preserved the issue by offering extensive evidence and argument in support of a reduced sentence. This Court should vacate Norman's sentence and remand for a resentencing in which the district court fully considers Norman's arguments and gives an individualized explanation of its sentence.

This, the 23rd day of July, 2009.

Claire J. Rauscher, Director
Federal Defenders of
Western North Carolina, Inc.

/s Ann L. Hester
Ann L. Hester
Assistant Federal Defender
227 W. 4th Street, Suite 300
Charlotte, NC 28202
(704) 374-0720
Counsel for Appellant
Counsel of Record

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)
Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this brief contains <u>2,771</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportional spaced typeface using <u>14 Point Times New Roman</u> in <u>WordPerfect 12</u>.

/s/ Ann L. Hester
Counsel for Appellant
Dated: July 23, 2009

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on July 23rd, 2009 I electronically filed the foregoing brief with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF user:

    Amy E. Ray
    OFFICE OF THE U.S. ATTORNEY
    United States Courthouse
    100 Otis Street, Room 233
    Asheville, NC  28801
    (828) 271-4661

    *Counsel for Appellee*

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

                                        /s/ *Carly A. Ramey*
                                        Carly A. Ramey
                                        Gibson Moore Appellate Services, LLC
                                        421 East Franklin Street, Suite 230
                                        Richmond, VA  23219